DREYER v. REISMAN et al.

(Supreme Court, Appellate Division, Second Department.   March 11, 1910.)

WILLS (§ 583*)—CONSTRUCTION—DESCRIPTION OF PROPERTY.

> A will which, attempting to make no other gift, provides that, after payment of debts and expenses, "I give and bequeath" unto certain named persons "share and share alike the same to be equally divided between them," though failing to state in precise terms what is given, disposes of his entire estate.

> [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1271; Dec. Dig. § 583.*]

Appeal from Special Term, Kings County.

Action by John H. Dreyer against Herman Reisman and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, THOMAS, and CARR, JJ.

Nicholas Dietz, for appellant.
Bela D. Eisler, for respondents.

HIRSCHBERG, P. J.   The appeal herein is from the judgment only. The action is brought for the partition of certain real estate

of which John H. Hasselbrook died seised. He left as heirs at law the defendants Charles A. Hasselbrook, Martha Ellen Nordbruch, and Sene Meyer, his only living children, and the plaintiff, the only child of a daughter who predeceased him. He died on the 12th day of January, 1905, leaving a last will and testament executed January 6th of that year, which was duly admitted to probate by the surrogate of the county of Kings on the 31st day of January, 1905. The will appears to have been prepared by himself, at all events without legal assistance, and in terms, spelling, and punctuation is as follows:

"I John Henry Hasselbrook of the Borough of Brooklyn City of New York. being of sound and disposing mind and memory and considering the uncertainty of this life do make publish and declare this to be my last will and testament as follows hereby revoking all other and former wills by me at any time *made*

*First*

after all my lawful debts are paid all funeral and testamentary expenses I give devise and bequeath unto my *Liveing* Son and Daughters Charles Hasselbrook Martha-Ellen Nordbruch and Sene Meyer Share and Share alike the same to be equal devided between themselves

*Second*

all Real estat if any owned by me and the same cannot be sold at a fair market price then the same sall be sold at public auction

*Third*

I hereby appoint John D. A. Nordbruch of the City of Philadelphia Pa to be *executor* of this my last testament and will and direct and that my said executor shall not be required to give *Bond* and he shall receve all expencess as to executing my will and testament to be paid out of My *Estate.*

In witness whereof

I have hereunto subscribed my name and affixed my seal the Sixth (6) Day of January in the year One thousand nine hundred and five.

John H. Hasselbrook (L. S.)

Subscribed by John Henry Hasselbrook the testatro named in the foregoing will in the presence of each of us and at the time of making such subscription the above instrument was declared by said testatro to be his last will and testament and each of us at the request of said testatro and in his presence and in the presence of each other Signed our names as witnesses thereto Witnesses.

Richard Meier 452 Park Ave.
Jacob H. Kohlman 472 Park Ave."

Although no property is specifically mentioned as the subject of the only gift or devise contained in the instrument, the judgment appealed from was rendered on a finding by the trial court that the will operated to give the entire estate of the deceased to the three living children, to the exclusion of the plaintiff, and after due consideration, but not without doubt, I have concluded that the result is correct.

It appears from a finding made by the learned trial court that the plaintiff since the death of his mother, which occurred in 1900, lived with the deceased. He was maintained, clothed, and his wants supplied by the deceased without charge, and at the time of his grandfather's death was engaged in some work. The estate is small in value, and, although the plaintiff was the only member of his grandfather's family at the time of his decease, it may be assumed that the testator considered what he had done for the plaintiff as a fair equivalent for a share in his estate. At all events, the language of the clause in the will numbered "First" must be regarded as the conclu-

sive expression of the intent of the deceased as to the disposition of his estate by will; and, if it carried anything, must be regarded as for the exclusive benefit of the living children, to the exclusion of the plaintiff.

It needs no citation of authority to show that a testator is presumed to make a will for the purpose of disposing of his estate, and that such presumption extends to an inference that the design is to dispose of the entire estate so as to avoid even partial intestacy. The provision of the will in question is the only provision which assumes to dispose of the testator's property, and by its terms it either disposes of nothing or it disposes of the entire estate. Whatever is given by the will it gives to the living children, after the payment of debts and funeral and testamentary expenses, the gift to be divided equally among them.

The decision in Re Bassett's Estate, 14 L. R. Eq. Cases, 54, is very much in point. In that case the testamentary provision failed to state in precise terms what was given. After certain pecuniary legacies, this language was used:

"After these legacies and my doctor's bills and funeral expenses are paid, I leave to my sister, Mary Perkins, Pipin Pipin, Wisconsin, North America, without any power or control whatsoever of her husband, John Perkins; in case of her death to be equally divided amongst her children or grandchildren."

The Vice Chancellor (page 57) said:

"I should feel the greatest objection to supplying any words in a will; but I do not think this will unintelligible as it stands, and accordingly I do not see the necessity of supplying any words. I read the will as containing a disposition of the whole of the testatrix's estate and effects. That must have been her intention, as is generally the case, when she set about making her 'last will and testament.' That would vest the whole of her estate in the executor. Then she gives certain legacies, which it was the duty of the executor to pay. Then she says: 'After these legacies * * * are paid, I leave to my sister Mary Perkins, * * * without any power or control whatsoever of her husband, John Perkins; in case of her death, to be equally divided amongst her children or grandchildren.' The intention of the testatrix is express. If I could find any indication of an intention to give anything else, as, for instance, a legacy of £500, it would be different. But what other meaning can be attributed to these words except that which I have suggested? What answer can be given to the question, 'What did she mean to leave?' except this—the entirety of the residue of her estate. Where, then, is the difficulty? No doubt the word 'residue,' if supplied, would satisfy the meaning; but that only shews that the meaning of the testatrix may be expressed by other words than those which she has used."

See to the same effect, Eatherly v. Eatherly, 41 Tenn. 461, 78 Am. Dec. 499, where a testator also failed to state in terms the subject of a gift, but it was held on the face of the will to intend to include a remaining one-half of a certain tract of land.

In Walter v. Ham, 68 App. Div. 381, 75 N. Y. Supp. 185, this court, in adopting the opinion of the referee (now Mr. Justice Burr), held that, where a devise was given to beneficiaries "as joint tenants and tenants in common," it was competent in order to effectuate the intention of the testator, either to expunge the words following the words "joint tenants," or to amend the clause so as to read "as joint tenants and not as tenants in common."

While not precisely in point, other cases could be cited indicating the general principle that the intention of the testator governs, and, when fairly inferred from the will, should prevail. Applying the general principle, it is obvious that the testator in this instance made his will for the purpose of disposing of his estate, and presumably of his entire estate, and that, as the living children are his sole beneficiaries, it must be assumed that his intention was to dispose of his entire estate for their exclusive benefit.

The judgment must be affirmed, but without costs. All concur.